Jenkins v. The State.

GEORGE JENKINS v. THE STATE.

CRIMINAL LAW. *Abducting a female.* When defendant is indicted under the Code, section 5370 (M. & V.), for abducting a female, if the proof shows that the female was unchaste and lewd, the defendant can not be convicted.

FROM TROUSDALE.

Appeal in error from the Circuit Court of Trousdale county. N. W. McCONNELL, J.

W. M. HAMMOCK for Jenkins.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

George Jenkins was indicted in the circuit court of Trousdale county, at the August term, 1885, of said court, under sec. 5370 of the Code (M. & V.), for abducting one Lizzie Scruggs, a female, from her mother, having the legal control of her, for the purposes of prostitution and concubinage. He has been tried and convicted, and his punishment fixed at ten years in the penitentiary, and has appealed to this court.

The proof shows that said Lizzie's home was at her mother's, but that she was in the habit of going where she pleased and hiring herself out to work for whomsoever she pleased, by her mother's consent. That she had hired herself to the defendant in the

summer of 1885, to wait on his wife, and in July last she and the defendant went off together into the State of Kentucky, and were gone seven days before they returned, and she testifies that they had been in the habit of having sexual intercourse together before they left, and continued their illicit intercourse during their absence.    The age of said Lizzie does not very satisfactorily appear.    Her mother says she was seventeen years old, and a witness, Woodmore, testifies that he has known her since the close of the late war, and that she was then a little girl running round.    But it is abundantly shown by the testimony of numerous witnesses that she is, and was, long before she went to live with the defendant, of notorious bad character, not only for want of chastity, but that her general character was bad, and that she is not entitled to credit upon her oath.    As to this, there is no countervailing testimony attempted to be offered, and there is no question but that she had the character of and was a public prostitute before she went to stay at the house of the defendant.    The testimony shows that she had permitted indecent liberties to be taken with her by other men, and that she had endeavored to induce another man to go off with her about a year before she and the defendant went away together.

While her mother testifies that she did not give her consent to her going away with the defendant, she states that she knew of it, either the day they left or the day after; that she made no effort to have her reclaimed or brought back, and that she had

offered to dismiss, or, in her own language, to " sell out this prosecution for one hundred dollars."

The court, among other things, charged the jury that "the fact that Lizzie may not have been virtuous at the time she was abducted, if abducted at all, will not excuse the defendant. The statute does not say the offense can be committed only on a virtuous female." And again he says in his charge, "It is not a question of which one may have seduced the other. It is enough that they go together without the consent of the mother, and in violation of her legal control." These charges, we think, are very clearly erroneous.

The section of the Code under which the indictment is found, is as follows: Any person who takes any female from her father, mother, guardian, or other person having the legal charge of her, without his or her consent, for the purpose of prostitution or concubinage, shall, upon conviction, be imprisoned in the penitentiary not less than ten, nor more than twenty-one years."

The object which the Legislature had in view in the passage of this very highly penal statute, was for the purpose of preventing the taking or enticing innocent and virtuous young females away from their parents, guardians, etc., for the purpose of making them prostitutes or concubines. We can not conceive that the Legislature could have had the purpose of visiting such punishment upon a person who merely goes with a prostitute, by an arrangement which, it may be, was contrived and proposed by her, to some place where

they can more conveniently indulge in illicit inter-course. And this, under the above charge, would be all that was necessary to constitute this offense, and we hold, that such is not a proper construction of the section of the Code above cited. There can be no question, from the testimony in this record, that the mother was fully aware of the lewd character of the daughter, and by her own testimony permitted her to go where she pleased and hire to whom she pleased.

The facts of this case, reprehensible as the con-duct of the defendant was, do not constitute the offense of abduction, for which he has been convicted, and he was entitled to a new trial in consequence of the insufficiency of the evidence to sustain the verdict.

For the errors in the charge above specified, as well as the refusal to grant a new trial, the judgment must be reversed and another trial awarded.